IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALPHONSO MCFADDEN,
*Plaintiff*,

v.                                          Civil Action No. ELH-16-2744

L&J WASTE RECYCLING, LLC, et al.
*Defendants*.

## MEMORANDUM

Alphonso McFadden, plaintiff, filed suit against defendants L&J Waste Recycling, LLC ("L&J"); Lenzie M. Johnson, III ("Johnson III"); and Lenzie M. Johnson, Jr. ("Johnson Jr."), alleging violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), as amended, Md. Code (2016 Repl. Vol.), §§ 3-401 *et seq.* of the Labor and Employment Article ("L.E."); and the Maryland Wage Payment and Collection Law, as amended, L.E. §§ 3-501 *et seq.*  ECF 1.  McFadden has brought his FLSA claim as a collective action on behalf of all similarly situated employees of the defendants.  ECF 1 ¶¶ 32-47.

L&J and Johnson III filed a "Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment."  ECF 5.  It is supported by a memorandum of law (ECF 5-1) and two exhibits.  ECF 5-2; ECF 5-3.  Plaintiff responded in opposition (ECF 11), supported by exhibits (ECF 11-2 through ECF 11-6), including a Declaration of plaintiff.  *See* ECF 11-4.  Defendants replied.  ECF 15.  In addition, Johnson Jr. filed a "Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment."  ECF 7.  It is supported by a memorandum of law (ECF 8) and two exhibits (ECF 8-1; ECF 8-2).  Plaintiff

opposes the motion (ECF 12), supported by exhibits (ECF 12-2 through ECF 12-4), including his

Declaration.  ECF 12-3.  Defendant replied.  ECF 16.

The motions are fully briefed and no hearing is necessary to resolve them.  *See* Local

Rule 105.6.  For the reasons that follow, I decline to convert ECF 5 and ECF 7 to motions for

summary judgment.  Instead, I shall construe them as motions to dismiss, and I shall deny both

motions.

## I.      Factual Background[1]

Defendant L&J is "a waste management and recycling company," with its principal

office located in Baltimore, Maryland.  ECF 1 ¶ 1.  L&J is owned and operated by Johnson Jr.

and Johnson III.  *Id.* ¶ 2.  McFadden alleges that he was employed by defendants from

approximately September 2014 to January 14, 2016, in the capacity of "Plant Foreman."  *Id.* ¶¶

6, 7.  In that position, plaintiff "perform[ed] various tasks related to waste management and

recycling."  *Id.* ¶¶ 18-19.  McFadden's responsibilities included "starting up machines that were

used daily for sorting and recycling; hand sorting materials such as wood, paper, stones and

putting them in large cans; and working with four (4) laborers."  *Id.* ¶ 19.

Defendants "set employee schedules, including those of Plaintiff and other similarly

situated employees."  *Id.* ¶ 8.  They also controlled plaintiff's duties, and made all decisions

relating to the rates and methods of his pay.  *Id.* ¶¶ 10-14.  During plaintiff's employment, he

worked as an hourly employee, and received "weekly payments reflecting a pay rate of $15 per

hour."  *Id.* ¶ 21.

---

[1] Unless otherwise noted, the facts are derived from the Complaint.  ECF 1.  Based on the procedural posture of the case, I shall assume the truth of the factual allegations in the Complaint.  *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

McFadden and others similarly situated were routinely scheduled to work more than forty hours per week. *Id.* ¶ 22. Plaintiff regularly worked between fifty and sixty hours per week. *Id.* But, he claims that he received weekly payments reflecting "straight time," and was not paid "time and a half for overtime hours worked." ECF 1 at 2; *see also id.* ¶ 23.

## II.    Standards of Review

### A.  Rule 12(b)(6)

Defendants' motions to dismiss are predicated on Fed. R. Civ. P. 12(b)(6). ECF 5; ECF 7. In the alternative, defendants moved for summary judgment under Rule 56. *Id.*

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty, Servs, Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. &*

*Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining

whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir.

2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).  *See Goldfarb*, 791 F.3d at 511.

Of relevance here, a court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted).  To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Both Johnson Jr. (ECF 5-2) and Johnson III (ECF 8-2) submitted affidavits.[2]  The affidavits explain, *inter alia*, the circumstances of plaintiff's employment, but do not by their "'very existence . . . give[] rise to the legal rights asserted.'"  *See Chesapeake Bay Found.*, 794 F. Supp. 2d at 611 (citation omitted).  Accordingly, these exhibits are not integral to the Complaint and cannot be considered in support of defendants' motions to dismiss under Rule 12(b)(6).  *See Goldfarb*, 791 F.3d at 511.

Plaintiff submitted identical declarations as exhibits to both of his oppositions.  *See* ECF 11-4; ECF 12-3.  The declarations are consistent with, and also amplify, the facts alleged in the Complaint.  *See id.*  However, they are not integral to the Complaint, and thus cannot be considered in deciding the motions to dismiss.

---

[2] Johnson Jr. and Johnson III each submitted the same affidavits on two occasions.  *See* ECF 5-2; ECF 8-1 (Affidavit of Johnson Jr.) and ECF 5-3; ECF 8-2 (Affidavit of Johnson III).

### B.  Rule 12(d): Conversion to Summary Judgment

Fed. R. Civ. P. 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2016 Supp.) ("Wright & Miller").  This discretion "should be exercised with great caution and attention to the parties' procedural rights . . . ." *Id.* at 149.  In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action[]" and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, ___ Fed. Appx. ____, 2016 WL 3755783, at *5-6 (4th Cir. July 14, 2016); *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2015).  However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).  To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant

to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 Fed.Appx. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party who fails to file a Rule 56(d) affidavit does so at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted).

McFadden did not file a Rule 56(d) affidavit, although he referenced Rule 56(d) in his memorandum and asserted a need for discovery.  *See* ECF 11-1 at 7-8.  According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'"  *Id.* at 244-45 (internal citations omitted); *see also Putney*, 2016 WL 3755783, at *5; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008).

### III.    Discussion

### A.  Conversion to Summary Judgment

The Court first considers whether the motions to dismiss (ECF 5, ECF 7) should be converted to motions for summary judgment under Rule 12(d).

Defendants assert: "The instant motion to dismiss for failure to state a claim must be converted to a motion for summary judgment."  ECF 5-1 at 10; ECF 8 at 9.  They contend that plaintiff was not employed either by L&J or Johnson III.  ECF 5-1 at 5; ECF 8 at 5-6.  Rather, they claim he was employed by a separate and distinct entity, LJW Inc. ("LJW"), which is owned and operated by Johnson Jr.  ECF 5-1 at 4-5; ECF 8 at 4-6.  Defendants also claim that the laborers referenced in plaintiff's Complaint were employed by L&J and Johnson III, and not by LJW and Johnson Jr.  ECF 5-1 at 4, 6-7; ECF 8 at 5-7.

In support of their position, defendants rely on the affidavits of Johnson Jr. and Johnson III, as well as other exhibits to the motions.  In their view, these exhibits establish that neither L&J nor Johnson III ever employed plaintiff or "provided or altered any of Plaintiff's terms and conditions of employment with LJW."  ECF 5-1 at 10; ECF 8 at 9-10.  Furthermore, Johnson Jr. states that the exhibits demonstrate "that neither LJW nor Lenzie Johnson, Jr. ever employed the

five (5) laborers of L&J or provided or altered any of their terms and conditions of employment with L&J; and that Plaintiff is not similarly situated to the five laborers of L&J." ECF 8 at 10.

Plaintiff counters that discovery is required to evaluate "whether a joint employer situation exists." ECF 11-1 at 7. However, as noted, he did not submit an affidavit outlining the needed discovery. *See* Fed. R. Civ. P. 56(d). Nevertheless, plaintiff posits: "There are certainly facts, currently unavailable to the Plaintiff, as a result of this lack of discovery, that Plaintiff believes would support this Opposition to Defendants' Motion." *Id.* at 6. He argues, *id.* at 7-8:

> Many of the unanswered questions that exist as the result of the lack of discovery in this case go directly to a number of the factors considered by the Courts in evaluating whether a joint employer situation exists. Who owns the property and who owns the facilities or equipment at L&J Waste where Plaintiff worked? What is in fact the degree of control L&J Waste has with respect to Plaintiff's work and what degree of control does Defendant Lenzie Johnson, Jr. have with respect to L&J Waste's laborers. What degree of skill does it take to perform Plaintiff's job as a Plant Foreman and which Plant was Plaintiff foreman of, if not the Recycling Plant of L&J Waste? Was there any one else there to act as a Plant Foreman in addition to Plaintiff? Why was Plaintiff's schedule maintained on an L&J Waste's Time Sheet/Payroll form? (See Exhibit 5). The answers to all of those questions are seemingly at issue and thus, Summary Judgment, at this juncture would not be appropriate.

In their replies, defendants point out that plaintiff "fails to state in his Declaration [ECF 11-4; ECF 12-3] any specified reasons why he cannot present any facts necessary for adjudication." ECF 15 at 16; ECF 16 at 16. And, defendants argue: "Plaintiff would already know the details of, for example, how Lenzie Johnson, III and Lenzie Johnson, Jr. supposedly 'supervised' him and the laborers employed by L&J, and whether he was specifically directed to perform duties on behalf of L&J." ECF 15 at 16; ECF 16 at 16. They conclude: "Therefore, the Court may *not* defer ruling on this Motion pursuant to Rule 56(d), and must enter summary judgment in the movants' favor." *Id.* (emphasis in original).

In *McCray*, 741 F.3d at 483, the Fourth Circuit stated: "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." Moreover, a party "needs an 'adequate opportunity' to present its case and 'demonstrate a genuine issue of material fact.'" *Adams Housing, LLC v. City of Salisbury*, ____ Fed. App'x ____, 2016 WL6958439, at *2 (4th Cir. Nov. 29, 2016) (citation omitted).

In my view, it would be premature to convert the motions under Rule 12(d) to motions for summary judgment. To be sure, plaintiff has failed to comply with the affidavit requirement of Rule 56(d). But, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary," thus serving the same function as the affidavit. *Id.* at 244-45.

I am satisfied that plaintiff's Opposition (ECF 11) and his declarations (ECF 11-4; ECF 12-3) sufficiently inform the Court that defendants' motions are premature and that discovery is necessary. Plaintiff states that although L&J and LJW are two distinct entities, there may be facts to "establish that employment by one employer is not completely disassociated from employment by the second employer . . . ." ECF 11-1 at 7. Plaintiff identified various unanswered questions pertinent to the relationship between L&J and LJW, for which discovery is needed to shed light on the claim of a joint employer. *Id.* at 7-8. As plaintiff states: "Many of the unanswered questions that exist as the result of the lack of discovery in this case go directly to a number of the factors considered by the Courts in evaluating whether a joint employer situation exists." *Id.* at 7.

Furthermore, defendants' argument that plaintiff already has some of the information he claims to need is unpersuasive. *See* ECF 15 at 16; ECF 16 at 16. Although it is true that plaintiff may already have knowledge of how Johnson III and Johnson Jr. supervised him, other

information could be obtained through discovery that would give a more complete picture of the nature and extent of the supervision.

In the exercise of my discretion, I decline to convert the motions to dismiss to motions for summary judgment.

### B.  Failure to State a Claim[3]

As noted, plaintiff has brought suit, *inter alia*, under the FLSA.  Congress enacted the FLSA in 1938 "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'"  *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)) (alterations in *Barrentine*).  In particular, the statute "establishe[s] a minimum wage and overtime compensation for each hour worked in excess of 40 hours in each workweek . . . ." *Perez v. Mortgage Bankers Ass'n*, ___ U.S. ___, 135 S.Ct. 1199, 1204 (2015) (quotations omitted) (alterations in *Perez*); *see Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. ___, 135 S.Ct. 513, 516 (2014).

The FLSA also established the "general rule that employers must compensate each employee 'at a rate not less than one and one-half times the regular rate' for all overtime hours that an employee works." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) (quoting 29 U.S.C. § 207(a)(1)).  Thus, the FLSA is now "best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (citation omitted); *see also Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263,

---

[3] I note that the two memoranda are identical with respect to their application of Rule 12(b)(6).  *Compare* ECF 5-1 at 22-25 *with* ECF 8 at 20-24.  Accordingly, in this section, I shall cite only to ECF 5-1.

1266–67 (4th Cir. 1996) ("The two central themes of the FLSA are its minimum wage and overtime requirements . . . .  The FLSA is clearly structured to provide workers with specific minimum protections against excessive work hours and substandard wages.") (internal quotations omitted).

"To assert a claim for overtime compensation pursuant to 29 U.S.C. § 207, "a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667 (D. Md. 2011) (Chasanow, J.).  Notably, the FLSA's definition of "employer" is expansive.  *Falk v. Brennan*, 414 U.S. 190, 195 (1973).  Under 29 U.S.C. § 203(d), "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

"It is well settled that an individual may qualify as an employer and face liability under the FLSA."  *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 416 (D. Md. 2013).  Determining whether an individual is an "employer" for the purpose of the FLSA does not depend on "isolated factors but rather upon the circumstances of the whole activity."  *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730, (1947).  In other words, courts consider the "economic realities" of the relationship between an employee and a putative employer.  *Shultz v. Capital Intern. Security, Inc.*, 466 F.3d 298, 304 (4th Cir. 2006).

"Separate persons or entities that share control over an individual worker may be deemed joint employers under the FLSA."  *Schultz*, 466 F.3d at 305.  The Fourth Circuit has explained, *id.* at 306: "The joint employment inquiry must 'take[ ] into account the real economic

relationship between the employer who uses and benefits from the services of workers and the party that hires or assigns the workers to that employer.'" (Citation omitted) (alteration in *Schultz*).

The regulations implemented in connection with the FLSA provide, 29 C.F.R. § 791.2(a):

> [I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek.[]

The regulation further states, 29 C.F.R. § 791.2(b):

> Where the employee performs work which simultaneously benefits two or more employers . . . , a joint employment relationship generally will be considered to exist in situations such as:
>
>> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees;[] or
>>
>> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee;[] or
>>
>> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.[]

To my knowledge, the Fourth Circuit has not articulated a test to determine joint employer status where the alleged relationship does not match one of the enumerated examples. But, the Court has "suggested that courts in this circuit look to other tests derived from other circuits." *Roman*, 970 F. Supp. 2d at 413 (citing *Schultz*, 466 F.3d at 306 n.2); *see Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 774-75 (D. Md. 2008); *see also Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003) (applying a six-part test to evaluate whether

parties are joint employers under the FLSA); *Bonnette v. Calif. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (applying a four-part test to evaluate whether parties are joint employers under the FLSA). "The ultimate determination of joint employment must be based upon the "circumstances of the whole activity." *Schultz*, 466 F.3d at 306.

Defendants posit: "Plaintiff's Complaint is replete with formulaic conclusions and vague assertions that broadly allege that 'Defendants' are responsible for the alleged violations, without pleading which Defendant committed a specific action." ECF 5-1 at 22. They cite numerous examples from the Complaint that make allegations about "defendants" without specifying the particular defendant to which plaintiff refers. *Id.* at 22-23. Defendants argue that plaintiff's general reference to "defendants" in the Complaint "falls well short of the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and thus fail as a matter of law." *Id.* at 23.

Defendants rely on *Luna-Reyes v. RFI Const., LLC*, 57 F. Supp. 3d 495, 503 (M.D.N.C. 2014). In *Luna-Reyes*, plaintiff brought an action under the FLSA against defendants RFI Construction, Rupert Burrows, and William Warrick. *Id.* at 498. In that case, Burrows owned RFI Construction and Warrick was hired "to perform subcontracted work for those two Defendants . . . ." *Id.* According to the complaint, Warrick had contacted plaintiff to work for "Defendants" and "controlled Plaintiff's work activities and compensation." *Id.* And, in his complaint, plaintiff referred to "Defendants" generally, without specifying which defendants were responsible for the conduct. *Id.* The defendants moved to dismiss under Rule 12(b)(6). *Id.* at 497.

The court denied the motion to dismiss. *Id.* at 504. Although it noted that "the complaint is vague as to which party the phrase 'Defendants' refers" (*id.* at 503), the court determined that

dismissal was not appropriate. *Id.* at 504. Rather, the court used its power under Fed. R. Civ. P. 12(e) to convert the motion to dismiss to a motion for more definite statement. *Id.* Thus, in its Order, the court required "Plaintiff Luna–Reyes [to] submit a more definite statement, specifying which claims are brought against which particular Defendant and under which basis of coverage . . . ." *Id.*

Here, defendants argue that, as in *Luna-Reyes*, plaintiff "lumps all 'Defendants' together without distinguishing any single Defendant as to any single action or violation." ECF 5-1 at 25. In defendants' view, plaintiff has failed to "put the movants on adequate notice" as to their alleged roles in the case. *Id.*

Plaintiff disagrees. He contends that the Complaint provides "more than enough" to put defendants on notice and overcome the Rule 12(b)(6) standard. ECF 11-1 at 6. With respect to the use of the term "defendants," plaintiff argues that defendants' argument "assumes a level of 'disassociation' between the defendants that does not in fact exist." *Id.* at 9. According to plaintiff, *id.*: "Plaintiff did not differentiate between defendants in the complaint because the facts on the ground did not show or allow such differentiation."

In my view, plaintiff has met the minimal pleading requirement of Rule 8. *See, e.g.*, *Iqbal*, 556 U.S. at 678. I am not persuaded that *Luna-Reyes* supports a conclusion that the Complaint here is defective. There is a key distinction between this case and *Luna-Reyes*. Plaintiff in *Luna-Reyes* noted the existence of two entities, but did not allege any relationship between them with respect to the employment of plaintiff, other than that defendant RFI Construction hired defendant Warrick as a subcontractor. 57 F. Supp. 3d at 498. However, plaintiff specifically alleges that Johnson Jr. and Johnson III own and operate L&J. ECF 1 ¶ 2. Thus, unlike in *Luna-Reyes*, plaintiff has made allegations common to the three defendants.

Judge Chasanow's decision in *Roman* is pertinent.  970 F. Supp. 2d 407.  In *Roman*, the plaintiffs were three individuals who were either waiters or busboys at the Guapo's Restaurant in Gaithersburg.  *Id.* at 409.  They brought an FLSA action against, *inter alia*, Guapo's III, Inc.; Hector Rincon; and Hector Rincon, Jr.  *Id.* at 409-410.  In their complaint, the plaintiffs claimed that Hector Rincon was the President of all Guapo's restaurants, and that  Hector Rincon, Jr. was the co-owner and manager of the Gaithersburg Guapo's.  *Id.* at 410.  Furthermore, plaintiffs claimed that Mr. Rincon had "'the power to hire, fire, suspend, and otherwise discipline Plaintiffs'; 'the power to control the work schedule of Plaintiffs'; and 'set and determined or had the power to set the rate and method of pay of Plaintiffs.'"  *Id.* at 417.  And, they claimed that Rincon, Jr. "has the same powers as his father to discipline, control work schedules, and set rate and method of pay . . . ." *Id.*

On these facts, Judge Chasanow concluded, *id.*: "Viewing the complaint in the light most favorable to Plaintiff, it will be presumed that these allegations against the Defendants collective apply equally to Hector Rincon and Hector Rincon, Jr. in their individual capacities." Furthermore, she said, *id.*: "Construed as such, these allegations state a plausible claim for relief that Hector Rincon and Hector Rincon, Jr. are individually liable as 'employers' for violating the overtime and minimum wage provisions of the FLSA and the MWHL."

Here, plaintiff's allegations appear to be more in line with the facts in *Guapos* than those in *Luna-Reyes*.  As noted, plaintiff states: "Defendant L&J is owned and operated by Defendants, LENZIE JOHNSON, III and LENZIE JOHNSON, JR. . . ."  ECF 1 ¶ 2.  And, plaintiff states, *inter alia*: "Defendants controlled the administration of their business and set employee schedules, including those of Plaintiff and other similarly situated employees" (*id.* ¶ 8); "Defendants were actively engaged in the management and direction of Plaintiff and other

similarly situated employees" (*id.* ¶ 9); "Defendants possessed and exercised the authority to schedule and control the hours worked by Plaintiff and other similarly situated employees" (*id.* ¶ 10); and "Defendants made all decisions relating to the rates and methods of pay for the Plaintiff and other similarly situated employees" (*id.* ¶ 14).

Construing the Complaint in the light most favorable to the plaintiff, plaintiff's allegations apply to Johnson Jr. and to Johnson III.   *See Roman*, 970 F. Supp. 2d at 417 (presuming allegations made collectively against defendants also apply equally to individual defendants; and collecting cases).   Thus, I am satisfied that plaintiff has sufficiently pleaded that defendants Johnson III, and Johnson Jr. are individually liable as "employers."

## IV.   Conclusion

At this juncture, it is premature to consider a motion for summary judgment.   Plaintiff has met the pleading requirements of Rule 8.   Accordingly, I shall DENY the motions to dismiss (ECF 5; ECF 4).   An Order follows, consistent with this Memorandum.


_____January 10, 2017_____          _____/s/_____
Date                                                                      Ellen Lipton Hollander
                                                                             United States District Judge