IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALPHONSO MCFADDEN,
    *Plaintiff*,

v().

L&J WASTE RECYCLING, LLC, et al.
    *Defendants*.

Civil Action No. ELH-16-2744

**MEMORANDUM**

This Memorandum resolves the motion for attorney's fees and costs (ECF 35) filed by plaintiff Alphonso McFadden. It is supported by a memorandum of law (ECF 36-1) (collectively, "Motion") and several exhibits.

The Motion follows the entry of default judgment on July 14, 2017, in favor of McFadden and against defendants L&J Waste Recycling, LLC ("L&J"); Lenzie M. Johnson, III ("Johnson III"); and Lenzie M. Johnson, Jr. ("Johnson Jr."). *See* ECF 34. The judgment is rooted in plaitniff's uncontested claims that defendants violated of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), as amended, Md. Code (2016 Repl. Vol.), § 3-401 *et seq.* of the Labor and Employment Article ("L.E."); and the Maryland Wage Payment and Collection Law ("MWPCL"), as amended, L.E. § 3-501 *et seq.* ECF 1. In particular, plaintiff complained that he was not paid time and a half for hours worked in excess of 40 hours a week during the period of his employment, from October 28, 2014 to January 14, 2016. *Id.* ¶¶ 21-23; ECF 32-2 (McFadden Affidavit), ¶ 4.

Defendants have not responded to the Motion, and the time to do so has expired. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

## I. Factual Background[1]

Plaintiff filed suit on August 2, 2016. ECF 1. Through counsel, Johnson III and L&J moved to dismiss, or in the alternative, for summary judgment. ECF 5. Similarly, through counsel, Johnson Jr. also moved to dismiss, or in the alternative, for summary judgment. ECF 7. By Memorandum (ECF 19) and Order (ECF 20) of January 10, 2017, I denied both motions. In my Order, I directed defendants to answer the Complaint on or before January 31, 2017. ECF 20. However, on January 27, 2017, counsel for defendants moved to withdraw from the case. ECF 21. Because the motion reflected compliance with Local Rules 101.2(a) and 101.2(b), I granted the motion to withdraw by Order of the same date. ECF 22.

Defendants were notified of the implications of counsel's withdrawal. ECF 24; ECF 25; *see also* Local Rule 101.1(a); 101.2(b). And, L&J, a limited liability company, was granted until March 13, 2017, to obtain counsel. ECF 25. Further, I directed all defendants to answer the Complaint by that date. *Id*. at 2.

By March 27, 2017, no lawyer had entered an appearance for L&J, nor had defendants answered the Complaint. Therefore, on that date, I directed plaintiff to file a motion for clerk's entry of default as to each defendant, pursuant to Fed. R. Civ. P. 55(a), or show cause why such action was not appropriate. ECF 26. Plaintiff filed a Motion for Entry of Default as to all defendants on April 10, 2017. ECF 27. And, on April 20, 2017, the Clerk entered an order of default as to all defendants. ECF 29.

Thereafter, plaintiff filed a motion for default judgment (ECF 32), supported by several exhibits. ECF 32-1 through ECF 32-6. No opposition was filed. As set forth in my Memorandum Opinion (ECF 33) and Order (ECF 34) of July 14, 2017, I granted the motion for

---

[1] I incorporate here the facts set forth in my Memorandum Opinion of July 14, 2017 (ECF 33), awarding judgment on the merits in favor of plaintiff and against defendants.

default judgment as to liability and awarded statutory damages of $9,450.00. However, I deferred entry of an order awarding attorney's fees and costs, pending the submission of a proper motion for such fees.[2] The Motion followed. ECF 35. It is supported, *inter alia*, by a Declaration from plaintiff's attorney, George Swegman, Esquire (ECF 35-4) and a billing statement. ECF 35-2.

Swegman avers that he graduated from law school in 1975 and was admitted to the Pennsylvania bar that same year. *Id.* ¶ 4. He was admitted to the Maryland Bar in 2009. Based on counsel's experience, he seeks compensation at a rate of $400 per hour. ECF 35-4, ¶ 4; ECF 35-1 at 9. The time for paralegals and the law clerk was billed at the rate of $150 per hour. ECF 35-1 at 9; ECF 35-2. The rates comport with the fee schedule in Appendix B to the Local Rules, titled "Rules and Guidelines For Determining Attorneys' Fees In Certain Cases."

Further, plaintiff's counsel avers that he reviewed and audited the billing statements for this case. *Id.* ¶ 9; *see also* ECF 35-2. Notably, he represents that he has "removed from the billing statement" all "time for any unnecessary work . . . ." ECF 35-4, ¶ 9. In his view, this amounted to 8.65 hours of time, valued at $3,459.34.

In support of the Motion, plaintiff has also submitted the Declaration of Richard Neuworth, Esquire, an experienced practitioner in the field of employment law. ECF 35-5. He avers that the rates requested by plaintiff "are very reasonable and are within the market rates for employment litigation in the Baltimore metropolitan area." *Id.* ¶ 9. Notably, Neuworth offers no opinion on the necessity or quality of the legal services rendered in this case. However, he avers that plaintiff's attorney is regarded as an "effective advocate[]" with a reputation as a "highly skilled" lawyer. *Id.* ¶ 7.

---

[2] In ECF 33, I identified several issues concerning the request for counsel fees contained in ECF 32. Those concerns have largely been addressed in the Motion.

In sum, plaintiff seeks an award for 95.55 hours of work, inclusive of work by counsel, paralegals, and a law clerk. *Id.* That corresponds to a fee request in the amount of $23,663.66. In addition, plaintiff seeks an award of costs in the sum of $700.

## II.     Discussion

Pursuant to 29 U.S.C. § 216(b), the court shall "allow a reasonable attorney's fee" as well as "costs of the action." *See also* L.E. § 3-427(d). In an FLSA action, the "[p]ayment of costs to a prevailing plaintiff is mandatory. . . ." *Lopez v. Lawns 'R' Us*, DKC-07-2979, 2008 WL 2227353, at *7 (D. Md. May 23, 2008); *see also Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). Plaintiff received a judgment in his favor and, as such, he is the "prevailing party."

Under the FLSA and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Lopez*, 2008 WL 2227353, at *7 (finding a $350 filing fee and a $200 service of process fee "well within the categories of normal and necessary costs of litigation that would normally be charged to paying clients") (citation omitted). There is no issue as to the validity of the $700 in costs.

The "calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013).

First, in calculating the appropriate award of attorney's fees, the court ordinarily determines the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008); *see McAfee*, 738 F.3d at 88; *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir.

2009).³  And, "the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (citations and internal quotation marks omitted).  As discussed, *infra*, to ascertain what is reasonable in terms of hours expended and the rate charged, the court generally applies the twelve factors articulated in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).  *See McAfee*, 738 F.3d at 88; *Robinson*, 560 F.3d at 243-44; *Plyler*, 902 F.2d at 277; *Ruth Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994).

Second, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones."  *Robinson*, 488 F.2d at 244; *see also McAfee*, 738 F.3d at 88.  Third, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff."  *Robinson*, 488 F.2d at 244.

"The Supreme Court has indulged a 'strong presumption'" that the "lodestar" figure, as defined by the Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), "represents a reasonable attorney's fee."  *McAfee*, 738 F.3d at 88-89.  To be sure, "[t]he lodestar method was never intended to be conclusive in all circumstances."  *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 554 (2010).  The strong presumption in its favor "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Id.*

As indicated, the court determines a reasonable fee by assessing, *inter alia*, whether the hours worked were reasonable.  This allows the court to consider whether counsel expended time

---

³ In certain types of cases, attorney's fees may be calculated based on the percentage of recovery method.  *See*, *e.g.*, *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 481 (D. Md. 2014).

that was unnecessary or duplicative. The plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding that the attorney's fees requested by plaintiff were reasonable, based on documentation of hours worked and the work completed); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220–21 (D.D.C. 2007) (awarding requested attorney's fees based on affidavits and the record).

As indicated, in evaluating the reasonableness of the requested legal fees, the court considers the twelve factors articulated in *Johnson*, 488 F.2d at 717–19. *See McAfee*, 738 F.3d at 88-89. The *Johnson* factors are as follows, 488 F.2d at 717-19:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to properly perform the legal service;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

From my earlier review of the initial fee submissions, some of the legal fees that were requested in ECF 32-4 appeared to be excessive. *See id.* But, counsel subsequently reduced the fee request allocated to "pleadings" by 25%, from $5,902 to $4,426.50, which reflects a reduction of $1,475.50. ECF 35-1 at 8; ECF 35-4, ¶ 9. Similarly, plaintiff initially sought an award of more than $1,350 in fees regarding a Rule 11 letter that did not appear from the billing

statement to have ever been sent. ECF 32-4 at 5-6.[4]  Counsel has since deducted that charge, in response to my concern.  ECF 35-1 at 8; ECF 35-4, ¶ 9.  In response to the Court's concern, plaintiff has also deleted fees for work related to plaintiff's "vacillation regarding pursuing this matter." ECF 35-4, ¶ 9.

Although plaintiff ultimately obtained judgment by default, the court is mindful that, from the inception of the case on August 2, 2016, through late January 2017, defendants were represented.  And, plaintiff's counsel was required to litigate two motions to dismiss.  *See* ECF 5; ECF 7.  He did so successfully.  *See* ECF 19; ECF 20.  Nevertheless, it does not seem likely, contrary to the assertion of plaintiff's counsel, that counsel has suffered the loss of "significant opportunity costs" on the ground that "this matter has prevented him from pursuing other legal matters on which he could have been working." ECF 35-1 at 11.  Nor does plaintiff's counsel identify any case that he actually had to turn down because of the demands of this case.  Nor is an FLSA case an inherently undesirable one.

Counsel also asserts that his firm has spent about 18 months to pursue the claims.  *Id.* at 12.  I note, however, that defense counsel withdrew from the case after six months of litigation, and little of substance occurred in the ensuing months.  Indeed, it was the Court that directed counsel to file for entry of default, in an effort to move the case along.  ECF 26.  Although the case presented issues concerning a joint employer, I do not agree that the issues in this case were particularly complex, especially for an experienced employment law practitioner, such as plaintiff's counsel.  *See*  ECF 35-1 at 10, 13.

---

[4] To be sure, Fed. R. Civ. P. 11(c)(2) requires counsel to serve a motion for sanctions on opposing counsel prior to filing the motion with the Court.  Curiously, activities as incidental as sending reminders for appointments are reflected on the billing statement (ECF 32-4 at 5).  Yet, there was no indication that a Rule 11 letter was actually sent.

### III. Conclusion

Notably, when entering a default judgment, the court may make an award of attorney's fees for a lesser amount than the moving party requested. *See DirecTV v. Agee*, 405 F. Supp. 2d 6, 8 (D.D.C. 2005) (concluding, on granting default judgment, that "plaintiff's requested relief … for attorneys' fees [was] excessive" and awarding half of what was requested in the plaintiff's motion). In other words, a trial court is vested with discretion in determining the award of fees, given its "'superior understanding of the litigation.'" *Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078–79 (4th Cir. 1986)); *see also McAfee*, 738 F.3d at 88; *Robinson*, 560 F.3d at 243.

I have carefully reviewed the *Johnson* factors. In light of the deductions taken by counsel, coupled with counsel's willingness to forego billing for the obvious effort and work in connection with the Motion, I am satisfied that plaintiff is entitled to an award of attorney's fees of $23,663.66, plus costs of $700, for a total award of $24,363.66. An Order follows.

Date: September 20, 2017                                      /s/
                                                                      Ellen Lipton Hollander
                                                                      United States District Judge